IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GILBERTO SANCHEZ,                          No. C-10-4882 TEH (PR)

        Plaintiff,

    v.                                     ORDER OF SERVICE

RANDY GROUNDS, WARDEN, et. al.,

        Defendant(s).

_____/

    Plaintiff, a prisoner presently housed at the Correctional Training Facility ("CTF") in Soledad, California, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that Joseph Chudy, the Chief Medical Officer at CTF was deliberately indifferent to his serious medical needs.  Doc. #1.  The action is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

I

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or

officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).
The court must identify cognizable claims or dismiss the complaint,
or any portion of the complaint, if the complaint "is frivolous,
malicious, or fails to state a claim upon which relief may be
granted," or "seeks monetary relief from a defendant who is immune
from such relief."  Id. § 1915A(b).  Pleadings filed by pro se
litigants, however, must be liberally construed.  Hebbe v. Pliler,
627 F.3d 338, 341-42 (9th Cir. 2010); Balistreri v. Pacifica Police
Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

 To state a claim under 42 U.S.C. § 1983, a plaintiff must
allege two essential elements:  (1) that a right secured by the
Constitution or laws of the United States was violated, and (2) that
the alleged violation was committed by a person acting under the
color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

 Deliberate indifference to serious medical needs violates
the Eighth Amendment's proscription against cruel and unusual
punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A "serious
medical need" exists if the failure to treat a prisoner's condition
could result in further significant injury or the "unnecessary and
wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059
(9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part
on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133,
1136 (9th Cir. 1997) (en banc).  A prison official is "deliberately
indifferent" if he knows that a prisoner faces a substantial risk of
serious harm and disregards that risk by failing to take reasonable
steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

1    Liberally construed, Plaintiff's allegations of deliberate
2 indifference to his serious medical needs appear to state a
3 cognizable 42 U.S.C. § 1983 claim and CTF Chief Medical Officer
4 Joseph Chudy will be served.
5    Named defendant Warden Randy Grounds, however, is
6 DISMISSED from this action because plaintiff fails to allege that
7 Grounds proximately caused the deprivation of his federally-
8 protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.
9 1988).

## II

For the foregoing reasons and for good cause shown:

1.  Warden Randy Grounds is hereby DISMISSED as a Defendant in this action.

2.  The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the Complaint in this matter, all attachments thereto, and copies of this Order on Defendant Joseph Chudy, CTF Chief Medical Officer. The Clerk also shall serve a copy of this Order on Plaintiff.

3.  In order to expedite the resolution of this case, the Court orders as follows:

    a.  No later than ninety (90) days from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as

3

exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date their motion is due.  All papers filed with the Court shall be served promptly on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served upon Defendants no later than thirty (30) days after Defendants serve Plaintiff with the motion.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment,

**4**

if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

    d.   Defendants shall file a reply brief within fifteen (15) days of the date on which Plaintiff serves them with the opposition.

    e.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

4.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order is required before the parties may conduct discovery.

5.   All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

6.   It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any

change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

      IT IS SO ORDERED.

DATED    <u>02/22/2011</u>                    _____
                                         **THELTON E. HENDERSON**
                                         United States District Judge

G:\PRO-SE\TEH\CR.10\Sanchez-10-4882-order of service.wpd