IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO SANCHEZ, | No. C-10-4882 TEH (PR) |
|     Plaintiff, | ORDER GIVING ADDITIONAL NOTICE; DEADLINE FOR PARTIES TO FILE SUPPLEMENTAL MATERIALS |
| v. | |
| JOSEPH CHUDY, | |
|     Defendant. | |

On June 26, 2012, Defendant Joseph Chudy filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Doc #23.  According to the Court's February 22, 2011 Order of Service, Plaintiff must file his opposition to the summary judgment no later than thirty days after service of Defendant's motion.  Doc. #5.  Defendant served his motion on Plaintiff more than thirty days ago and Plaintiff has not filed an opposition.  Before the Court rules on Defendant's motion, it provides additional notice to Plaintiff.

In Rand v. Rowland, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988), the Ninth Circuit held that pro se prisoner litigants

must be given a warning about the requirements of Rule 56 of the Federal Rules of Civil Procedure pertaining to summary judgment and the consequences of such a motion. In <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003), the court required a somewhat similar warning about unenumerated motions to dismiss for failure to exhaust. This court routinely provides these warnings in its orders of service for prisoner pro se civil rights complaints.

        The Ninth Circuit now has held that the notices must be provided at the time the motions are filed, and that notices given in advance of such motions are not sufficient. <u>Woods v. Carey</u>, 684 F.3d 934, 939-40 (9th Cir. 2012). The new rule applies to all pending cases. <u>Id.</u> at 941. In this case Defendants has moved for summary judgment. Plaintiff has not opposed the motion and the time for him to do so has passed. Because the motion for summary judgment was filed before the opinion in <u>Woods</u> came down, the <u>Rand</u> notice was not given with the motion as required by <u>Woods</u>.

        Plaintiff shall take notice of the following warning: Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony),

1 you cannot simply rely on what your complaint says.  Instead, you
2 must set out specific facts in declarations, depositions, answers to
3 interrogatories, or authenticated documents, as provided in Rule
4 56(e), that contradicts the facts shown in the Defendants'
5 declarations and documents and show that there is a genuine issue of
6 material fact for trial.  If you do not submit your own evidence in
7 opposition, summary judgment, if appropriate, may be entered against
8 you.  If summary judgment is granted, your case will be dismissed
9 and there will be no trial.  <u>Rand</u>, 154 F.3d at 962-63 (App. A).

10    If, after considering the above warning, Plaintiff wishes
11 to file an opposition, he shall do so by September 7, 2012.  If
12 Plaintiff files an opposition, Defendants may file a reply within
13 fourteen days thereafter.

14    IT IS SO ORDERED.

15
DATED   *08/20/2012*
16                                   **THELTON E. HENDERSON**
                                    **United States District Judge**

G:\PRO-SE\TEH\CR.10\Sanchez 10-4882-Woods Notice.wpd

3